1
2
3          **IN THE UNITED STATES DISTRICT COURT**
4          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
5
6

7   GERARDO PEREZ NIEVES,            )      Case No. 1:06-cv-00918 AWI TAG
                                     )
8              Plaintiff,            )      ORDER REQUIRING JOINT
                                     )      SCHEDULING REPORT
9        v.                          )
                                     )      and
10  LOWE'S COMPANIES, INC., and DOES 1)
    THROUGH 100, INCLUSIVE,          )      ORDER VACATING AND
11                                   )      RESCHEDULING SCHEDULING
               Defendants.          )      CONFERENCE
12  _____ )

13
14
15   **I.     Background**

16          On July 18, 2006, Defendant Lowe's Companies, Inc. ("Lowes") filed a Notice of

17  Removal of this action from Kern County Superior Court, thereby causing Kern County Superior

18  Court case number S-1500-CV-258188 to be removed to this Court.  (Doc. 1).  As a

19  consequence, and on the same date, this Court issued an Order Setting Mandatory Scheduling

20  Conference, setting such conference before Magistrate Judge Dennis L. Beck on September 19,

21  2006.  (Doc. 4-1).

22          Pursuant to the Order Setting Mandatory Scheduling Conference, counsel for all parties

23  were directed to meet and confer at least twenty days prior to the Mandatory Scheduling

24  Conference (i.e., by August 30, 2006) in order to draft a Joint Scheduling Report:

25                  A Joint Scheduling Report, carefully prepared and executed by
                all counsel, shall be electronically filed in CM/ECF, one (1) full
26              week prior to the Scheduling Conference . . . .

27                                      . . .

28                  At least twenty (20) days prior to the Mandatory Scheduling
                Conference , the actual trial counsel for all parties shall conduct

and conclude a conference at a time and place arranged by counsel for the plaintiff(s). This conference should preferably be a personal conference between all counsel but, due to the distances involved in this District, a telephonic conference call involving all counsel is permissible. (Doc. 4-1, pp. 2-3).

Thereafter, on September 13, 2006, the case was reassigned to Magistrate Judge Theresa A. Goldner and the Mandatory (Initial) Scheduling Conference was rescheduled to September 21, 2006. (Doc. 11).

In the interim, on September 9, 2006, Defendant Lowes filed a pleading captioned "Defendant's Scheduling Report; Declaration of Stephanie Forman." (Doc. 10). In this pleading, Defendant Lowes reported that it had repeatedly attempted to contact counsel for Plaintiff Nieves in order to meet and to prepare a Joint Scheduling Report. (Doc. 10, Decl. of Stephanie Forman, ¶¶ 3-4). According to the Declaration of Stephanie Forman, correspondence was sent to Plaintiff's counsel Lee Arter on August 14, 2006 and again on August 24, 2006. (Id.) Receiving no response, Defendant Lowes filed its own "Defendant's Scheduling Report." (Doc. 10).

## II.   Analysis

As noted above, this Court's Order Setting Mandatory Scheduling Conference explicitly directed counsel for all parties to meet prior to the Scheduling Conference set by the Court and to prepare a Joint Scheduling Report. (Doc. 4-1). The Order Setting Mandatory Scheduling Conference is consistent with Fed. R. Civ. P. 26(f), which states:

**Conference of Parties; Planning for Discovery.** . . . [T]he parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan . . . . The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan.

Fed. R. Civ. P. 26(f). As is evident from the pleadings filed to date, neither the Order Setting Mandatory Scheduling Conference nor Fed. R. Civ. P. 26(f) has been complied with by Plaintiff Nieves.

The Order Setting Mandatory Scheduling Conference sets forth -- in bold, capitalized letters -- a range of possible sanctions for failure to comply:

> **SHOULD COUNSEL OR A PARTY APPEARING *PRO SE* FAIL TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN EX PARTE HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, OR SANCTIONS, INCLUDING CONTEMPT OF COURT, MAY BE IMPOSED AND/OR ORDERED** (Doc. 4-1, p. 8).

Given Plaintiff's failure to date to comply with the Order Setting Mandatory Scheduling Conference (Doc. 4-1) and with Fed. R. Civ. P. 26(f), IT IS HEREBY ORDERED that the parties shall meet and confer as contemplated by both the Order and the Federal Rules of Civil Procedure and shall file, by October 5, 2006, a Joint Scheduling Report setting forth -- in one document -- their discovery plan and all additional information required.

IT IS FURTHER ORDERED that the Scheduling Conference currently set for September 21, 2006, at 9:30 a.m. is VACATED and RESCHEDULED to October 19, 2006, at 9:30 a.m. before Magistrate Judge Goldner, 1200 Truxtun Avenue, Suite 120, Bakersfield, CA 93309.

**PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THIS COURT'S RECOMMENDATION THAT THE COMPLAINT BE DISMISSED AND THAT JUDGMENT BE ENTERED IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF.**

IT IS SO ORDERED.

Dated:  **September 18, 2006**                    **/s/ Theresa A. Goldner**
**j6eb3d**                                                UNITED STATES MAGISTRATE JUDGE