CHARLES D. MAY, ESQ. (Bar No. 129663)
STEPHANIE FORMAN, ESQ. (Bar No. 195757)
GENE B. SHARAGA, ESQ. (Bar No. 131661)
**THARPE & HOWELL**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California  91403-3221**
Telephone:  (818) 205-9955
Facsimile:   (818)205-9944
E-Mail: cmay@tharpe-howell.com
E-Mail: sforman@tharpe-howell.com
E-Mail: gsharaga@tharpe-howell.com

Attorneys for Defendant,
   **LOWE'S HIW, INC., erroneously sued as LOWE'S COMPANIES, INC.**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO PEREZ NIEVES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC.; and DOES 1 THROUGH 100, INCLUSIVE<br><br>　　　　　Defendants. | CASE NO. 1:06-CV-00918-AWI-TAG<br><br>**AMENDED REMAND ORDER** |

## I.  BACKGROUND

Plaintiff, a resident of California, commenced this premises liability action by filing a complaint against defendant, a Washington corporation, in the Superior Court of California, County of Kern, on May 11, 2006.  The complaint alleges plaintiff sustained bodily injury due to defendant's negligence in creating a dangerous condition at its Bakersfield store location.  Specifically, Plaintiff alleges defendant negligently allowed the top of a cement mixer to fall and strike his right hand and leg.

Because California courts prohibit the inclusion of *ad damnun* clauses in complaints for personal injuries, plaintiff served a Statement of Damages from

pursuant to *California Code of Civil Procedure* § 425.11.  After plaintiff submitted a Statement of Damages in excess $75,000, defendant removed the matter to federal court pursuant to 28 U.S.C. §§ 1332 and 1441(b).  Thereafter, plaintiff filed a motion to remand, wherein he questioned the parties' diversity of citizenship and the amount in controversy.  Defendant responded with timely opposition.

The parties have now agreed and stipulated to limit any and all recovery of damages in this matter to $75,000 or less, as evidenced by the Stipulation Capping Plaintiff's Damages and Recovery to $75,000, executed by both plaintiff and his counsel.  Accordingly, the parties seek an order from this Court remanding the case to the Superior Court of California, County of Kern, Case No. S-1500-CV 258188.

## II.  ANALYSIS

United States Code, title 28, section 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*."  (Emphasis added).  In light of the parties' stipulation limiting any and all recovery by plaintiff to $75,000 or less, this Court to lacks subject matter jurisdiction and must, therefore, remand the case to state court pursuant to 28 U.S.C. § 1447(c).  *See Bruns v. NCUA* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary.")

## CONCLUSION

Because the amount in controversy does not exceed $75,000, this Court lacks subject matter jurisdiction in the present case.  Accordingly, the case is **REMANDED** to the Superior Court of California, County of Kern, Case No. S-1500-CV 258188.

///

///

///

- 2 -
AMENDED REMAND ORDER
K:\AWI\To_Be_Signed\06cr0916.stip.Remand Order.2.wpd
Nieves v. Lowe's HIW, Inc.
Case No.1:06-CV-00918-AWI-TAG

1   It is further ORDERED that the Scheduling Conference set for November
2   22, 2006, is hereby VACATED.

4   IT IS SO ORDERED.

5   **Dated:   November 22, 2006**            /s/ Anthony W. Ishii
    0m8i78                                    UNITED STATES DISTRICT JUDGE